IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EASTERN ATLANTIC INSURANCE COMPANY,<br><br>          Plaintiff,<br>v.<br><br>CUSTOM TRANSFER, LLC, and ROBERT HERRINGTON,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 1:24-cv-00080-TS<br><br>District Judge Ted Stewart |

This matter comes before the Court on Plaintiff Eastern Atlantic Insurance Company's Motion for Default Judgment.[1]

Plaintiff filed its Complaint on May 2, 2024, seeking a declaratory judgment that Defendants Custom Transfer, LLC and Robert Herrington are not covered by its commercial auto policy.[2] Following a period of inactivity by Plaintiff, the Court issued an Order to Show Cause requiring Plaintiff to inform the Court of Plaintiff's plans to proceed.[3] Plaintiff responded on October 7, 2024, indicating that it had difficulties personally serving Defendants[4] and requested the Court's permission to serve Defendants by alternative service.[5] The Court granted the Motion for Service by Publication,[6] and Plaintiff timely served Defendants Custom Transfer,

---

[1] Docket No. 22.

[2] Docket No. 1.

[3] Docket No. 11.

[4] Docket No. 14.

[5] Docket No. 12.

[6] Docket No. 15.

1

LLC, and Robert Herrington by publication.[7] Defendants have since failed to plead or otherwise appear and defend against Plaintiff's Complaint. The Clerk of Court entered a Default Certificate against Defendants on March 11, 2025,[8] and Plaintiff filed this Motion on March 25, 2024.

As discussed below, the Court will grant the Motion for Default Judgment. However, Plaintiff's Motion also seeks reimbursement of legal fees but does not present "an accounting of the reasonable attorney time expended in obtaining a default judgment, the reasonable value of this time, or any other reasonable costs associated with collecting the amount due on the loan."[9] The Tenth Circuit has ruled that courts may not award fees in a default judgment if the record has not presented sufficient evidence "to establish the legal and factual basis to support the award."[10] Thus, the Court declines to award any fees to Plaintiff.

Pursuant to Rule 55 and DUCivR 55-1(b)(1), the Court will GRANT in part Plaintiff's Motion for Default Judgment (Docket No. 22) based on the Motion and for good cause appearing and hereby ORDERS, ADJUDGES, AND DECREES as follows:

1. Policy No. TEA43002772 issued by Eastern Atlantic to Custom Transfer and the contemporaneous MCS-90 Endorsement were effective between September 5, 2021 and September 5, 2022.

2. Brandon Bennett, an employee of Custom Transfer, requested coverage under the Policy for injuries he allegedly sustained in a motor vehicle accident on November 15, 2021, involving Robert Herrington.

---

[7] Docket No. 16.

[8] Docket No. 18.

[9] *U.S. Small Bus. Admin. v. Branson Props., LC*, No. 215CV00656JNPBCW, 2016 WL 6902123, at *3 (D. Utah Nov. 23, 2016)

[10] *Id.* (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

3. The Policy excludes coverage for "any obligation under workers' compensation, disability benefits, unemployment compensation law, or any similar law, or any law relating to any employer/employee."

4. The Policy excludes coverage for "[b]odily injury' to an 'employee' of the 'insured' arising out of and in the course of employment by the 'insured'; or [p]erforming the duties related to the conduct of the insured's business."

5. The Policy excludes coverage for "[b]odily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties relates to the conduct of [the insured's] business."

6. Both Mr. Herrington and Mr. Bennett were within the course and scope of their employment with Custom Transfer when the Accident occurred.

7. There is no coverage under the Policy for any workers' compensation benefit claim made by Mr. Bennett.

8. There is no coverage for the injuries Mr. Bennett allegedly suffered in the November 15, 2021 accident as he was an employee in the course of his employment at the time of the accident.

9. There is no coverage under the Policy for Mr. Bennett's alleged injuries as they were caused by a fellow employee, Mr. Herrington.

10. There is no coverage under the MCS-90 Endorsement for Mr. Bennett's alleged injuries as he was an employee of Custom Transfer at the time of the accident.

11. Plaintiff will pay its own fees and costs.

DATED this 21st day of May, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

4